# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRO ENRIQUE BARCENA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PAMELA BONDI, ATTORNEY** | § | No.  3:26-CV-00362-LS |
| **GENERAL; KRISTI NOEM,** | § | |
| **SECRETARY OF DEPARTMENT OF** | § | |
| **HOMELAND SECURITY; U.S. ICE** | § | |
| **FIELD OFFICE DIRECTOR FOR THE** | § | |
| **WESTERN DISTRICT OF TEXAS** | § | |
| **FIELD OFFICE; and WARDEN, ERO** | § | |
| **EL PASO E. MONTANA DETENTION** | § | |
| **FACILITY,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO APPOINT COUNSEL

Petitioner Alejandro Enrique Barcena filed a writ of habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention.[1] He has also filed a motion for appointment of counsel.[2] For the following reasons, the Court denies Petitioner's motion to appoint counsel.

18 U.S.C. § 3006A(a)(2)(B) allows a judge to appoint representation for someone who is financially eligible and is seeking relief under 28 U.S.C. § 2241 when "the court determines that the interests of justice so require."

The interests of justice do not require the appointment of counsel at this time. When the issues in a habeas petition "are not particularly complex," and the petitioner's "pro se brief adequately highlights the issues and the pertinent facts in the record," then appointment of counsel

---

[1] ECF No. 2.
[2] ECF No. 3.

is not required.[3] Similarly, when "[t]he record amply demonstrates [the petitioner's] grasp of the issues and his ability to present his case," there is no abuse of discretion in refusing to appoint counsel in a habeas case.[4] Petitioner's case is not particularly complex, and his filings reflect that he is able to highlight the issues and present the facts of his case. Therefore, the Court does not consider the appointment of counsel necessary. Petitioner's motion to appoint counsel [ECF No. 3] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 11, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Schwander v. Blackburn*, 750 F.2d 494, 502–03 (5th Cir. 1985); *see also Saucier v. Warden*, 47 F.3d 426, No. 94-41050, 1995 WL 71331, at *1 (5th Cir. 1995) (denying appointment of appellate counsel in a habeas case where the petitioner "demonstrated that he is capable of representing himself by filing competent pleadings").
[4] *Pinson v. Berkebile*, 601 F. App'x 611, 616 (10th Cir. 2015).

2