# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRO ENRIQUE BARCENA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PAMELA BONDI, ATTORNEY** | § | |
| **GENERAL; KRISTI NOEM,** | § | |
| **SECRETARY OF DEPARTMENT OF** | § | **No.  3:26-CV-00362-LS** |
| **HOMELAND SECURITY; U.S. ICE** | § | |
| **FIELD OFFICE DIRECTOR FOR THE** | § | |
| **WESTERN DISTRICT OF TEXAS** | § | |
| **FIELD OFFICE, WARDEN, ERO EL** | § | |
| **PASO E. MONTANA DETENTION** | § | |
| **FACILITY,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO TRANSFER VENUE

Petitioner Alejandro Enrique Barcena filed a petition for a writ of habeas corpus.[1] At the time the petition was filed, Petitioner was detained at the ERO El Paso Camp East Montana in El Paso, Texas.[2] Respondents state that Petitioner is now at a facility in South Florida and seek to transfer the petition to the Southern District of Florida.[3]

Respondents seek to transfer this petition under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[4] This petition could not have been

---

[1] ECF No. 2.
[2] *Id.* at 1.
[3] ECF No. 13.
[4] *Id.* at 1.

brought originally in the Southern District of Florida. And Respondents have not been able to contact Petitioner to obtain his consent to transfer the petition.[5] "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[6] Therefore, the Court will deny Respondents' motion to transfer venue [ECF No. 13].

     **SO ORDERED**.

     **SIGNED** and **ENTERED** on March 4, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Id.* at 2.
[6] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").